Mark S. Toronjo
State Bar No. 24051435
TORONJO & PROSSER LAW
8150 North Central Expr.
Suite 975
Dallas, TX 75206
214.609.8787 Phone
866.640.7043 Fax

ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

**IN RE:**

| | | |
|---|---|---|
| **CARL G. LOFVANDER AHSLUND,** | § § § § § | **CASE NO. 21-40747** **CHAPTER 7** |
| **Debtor** | | |

| | | |
|---|---|---|
| **METRO WOODWARD, LLC** | § § § | |
| **Plaintiffs** | § § | |
| vs. | § § | **Adversary 21-04103** |
| **CARL G. LOFVANDER AHSLUND** | § § § | |
| **Defendant** | § | |

## **DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES, Carl G. Lofvander Ahslund and makes this Original Answer to Plaintiff's Original Complaint and, respectfully shows as follow:

1. Paragraph one is Plaintiff's description of the nature of the complaint and Defendant is not required to admit or deny the allegation in paragraph one. For all other purposes the allegations are denied.

2. Defendant denies the allegations in paragraph two.

3. Defendant admits the allegations in this paragraph three.

4. Defendant admits the allegations in this paragraph four.

5. Defendant admits the allegations in this paragraph five.

6. Defendant admits the allegations in this paragraph six.

7. Defendant admits the allegations in this paragraph seven.

8. Defendant admits the allegations in this paragraph eight.

9. Defendant admits the allegations in paragraph 8 that his income disclosed on Debtor's Schedules I&J included unemployment compensation that he was receiving at the time the case was filed as well as his projected income from consulting.

10. Defendant denies the allegations in paragraph ten. Debtor would show that the official form 106I the "Schedule I" that debtors are required to file in a bankruptcy proceeding requires the Debtor(s) to disclose their estimated monthly income as of the date the form is filed. Debtor has accurately disclosed the actual unemployment compensation that he was receiving along with his estimated income from consulting. None of Plaintiff's allegations in paragraph ten are inconsistent with the information on the schedule I. Plaintiff has failed to allege anywhere in

this paragraph that Defendant was not receiving unemployment compensation at the time this schedule was prepared and filed.

11. Defendant admits that he attended a Little Elm city council meeting in June 2021 as part of his consulting work for Open Infra, Inc. Debtor denies that this is inconsistent with the income he disclosed on his schedule I.

12. Defendant admits that he testified that he was consulting for Open Infra, Inc at his 341 meeting of creditors. Debtor denies that he testified this was through a company called "Dacar, Inc". Debtor would show that he testified he consulted through his wife's company Dacar USA Ltd., this is the same Dacar USA, Ltd that is disclosed on Debtor's Schedule B, Part 4 Section 19 and his Statement of Financial Affairs, Part 11. Debtor denies that this is inconsistent with the current income that he disclosed on his Schedule I.

13. Defendant denies the allegations in paragraph 13. Debtor would show that he is not aware of any company called "Dacar, Inc" and has no ownership interest in one if it does exist. Debtor would show that his wife owns a company called Dacar USA, Ltd. and this company was disclosed in the Debtor's schedule of assets and Statement of Financial Affairs. Debtor would also show that he has no ownership interest in Open Infra, Inc. Plaintiff has provided no specific allegations of evidence showing Defendant has any ownership interest in Open Infra, Inc. and Defendant would show that he has provided documentation to the Chapter 7 trustee that shows that Open Infra, Inc is wholly owned by a Swedish company Open Infra USA AB and he has provided additional documents that show he also has no ownership interest in Open Infra USA AB.

14. Defendant denies the allegations in paragraph fourteen.

15. Defendant denies the allegations in this paragraph fifteen.

16. Defendant denies the allegations in this paragraph sixteen.

17. Defendant denies the allegations in this paragraph seventeen.

18. Defendant denies the allegations in this paragraph eighteen.

19. Defendant denies the allegations in this paragraph nineteen.

20. Defendant denies the allegations in this paragraph twenty.

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons, Defendant respectfully requests that the Court enter an Order denying the Complaint in the above-captioned adversary proceeding, and provide such other and further relief as is just and proper.

DATED: September 17, 2021   Respectfully submitted,

/s/Mark S. Toronjo
Mark S. Toronjo
Toronjo & Prosser Law
State Bar No. 24051435
8150 N. Central Expy, Suite 975
Dallas, Texas 75206
Email: Mtoronjo@t-plaw.com
Phone: (214) 609-8787
Fax: (866) 640-7043
*ATTORNEY FOR DEFENDANT*

## Certificate of Service

The undersigned hereby certifies that on September 17, 2021 a true and correct copy of the foregoing Defendant's Original Answer to Plaintiff's Original Complaint was served electronically via ECF:

Pete Row
Law Office of Pete Rowe, PC
PO Box 703256
Dallas, Texas 75370
COUNSEL FOR PLAINTIFF

                                                  /s/ Mark S. Toronjo
                                                  Mark S. Toronjo